UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**OROOBA ALI AL BAHRAZAWI,**

                                    Plaintiff,                      18-CV-773Sr

v.

**COMMISSIONER OF SOCIAL SECURITY,**

                                    Defendant.

---

## **DECISION AND ORDER**

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #23.

## **BACKGROUND**

Plaintiff applied for supplemental security income ("SSI"), benefits with the Social Security Administration ("SSA"), on December 2, 2014, at the age of 51, due to depression and anxiety. Dkt. #8, p.60.

On July 20, 2017, plaintiff appeared with counsel and testified, through an interpreter, along with an impartial vocational expert ("VE"), Linda Voss, at an administrative hearing before Administrative Law Judge ("ALJ"), Melissa Lin Jones. Dkt.

#8, pp.30-58. At the commencement of the hearing, plaintiff's attorney renewed his request for a consultative exam for physical limitations, but the ALJ denied that request, stating, "I have plenty of opinions from treating sources that I can rely on." Dkt. #8, p.36.

Plaintiff testified that she faints and falls to the ground; that she cannot walk for more than 5 minutes and has pain in her legs and shoulder and weakness in her left hand, as well as chest pains. Dkt. #8, p.39. She also testified that she cannot sit for more than a half hour before her back hurts. Dkt. #8, p.41. She is very temperamental, nervous, anxious, does not sleep well and when she does sleep, she is awakened by nightmares. Dkt. #8, p.40. When she becomes anxious, she is unaware of what she is doing, but will break things until she passes out and is taken to the emergency room. Dkt. #8, p.43. She broke her finger when she fell during an episode about six months ago. Dkt. #8, p.45. Plaintiff lives wither her 16 year-old daughter. Dkt. #8, pp.40-41. She does not clean, cook, or wash dishes. Dkt. #8, p.41. She understands a little bit of English. Dkt. #8, pp.47-48. She completed the sixth grade. Dkt. #8, p.48. She traveled to Iraq for a month in 2015. Dkt. #8, p.49.

The ALJ rendered a decision that plaintiff was not disabled on June 8, 2017. Dkt. #8, pp.15-24. The Appeals Council denied review on June 29, 2018. Dkt. #8, p.6. Plaintiff commenced this action seeking review of the Commissioner's final decision on July 13, 2018. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of

impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient RFC for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since she filed his application for benefits on December 2, 2014; (2) plaintiff's osteoarthritis of the knees, syncope, anxiety, depression, left hand fracture, right shoulder degenerative disc disease, plantar fascial fibromatosis, degenerative disc disease, bilateral carpal tunnel, and obesity were medically determinable impairments, but did not rise to the level of a severe impairment or severe combination of impairments. Dkt. #8, pp.17-24.

Plaintiff argues that the ALJ erred in failing to find that plaintiff's medically determinable impairments constitute a severe impairment. Dkt. #9-1, pp.12-16. Plaintiff

further argues that the ALJ failed to develop the record by obtaining medical source statements from plaintiff's treating physicians or seeking a consultative physical examination, particularly given the ALJ's rejection of those physical medical source opinions contained within the record. Dkt. #9-1, pp.17-22.

The Commissioner responds that the ALJ's determination that plaintiff's physical conditions did not rise to the level of a severe impairment is supported by substantial evidence and that plaintiff's mental condition did not rise to the level of a severe impairment because she suffered no more than mild limitations in any of the four areas of functioning. Dkt. #19-1, pp.20-28. The Commissioner further responds that there was no need for a consultative examination because there was sufficient medical evidence from which the ALJ could make a determination as to plaintiff's RFC. Dkt. #19-1, pp.28-30.

A determination that a plaintiff is not disabled at step two of the sequential analysis is appropriate when medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work. *Pronti v. Barnhart*, 339 F. Supp.2d 480, 488 (2d Cir. 2004). The standard at step two is *de minimis* and is intended only to screen out the very weakest cases. *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014); *See Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Despite this lenient standard, the mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe at step two of the sequential

evaluation. *Taylor v. Astrue*, 32 F. Supp.3d 253, 255 (N.D.N.Y. 2012). Where a plaintiff has multiple impairments, the combined effect of all impairments should be considered without regard as to whether any such impairment, if considered separately, would be of sufficient severity. *Id.* at 267.

In the instant case, the ALJ relied upon a consultative examination by Janine Ippolito, Psy.D., to determine that plaintiff's mental impairments did not rise to the level of a severe impairment. Dkt. #8, p.23. Dr. Ippolitio diagnosed plaintiff with major depressive disorder, recurrent, moderate, with panic attacks and opined that plaintiff

> presents as able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, learn new tasks, perform complex tasks independently, and relate adequately with others, with no evidence of limitation. She can maintain a regular schedule, making appropriate decisions, and appropriately deal with stress with moderate limitations. These limitations are due to her current emotional distress, fatigue, and suspected lack of motivation.
>
> The results of the present evaluation appear to be consistent with psychiatric problems, but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis.

Dkt. #8, p. 228. The ALJ also gave great weight to the opinion of the state agency psychological consultant who determined that plaintiff had no more than mild mental limitations based upon the mental status examinations within the record. Dkt. #8, p.23. In contrast, the ALJ afforded the opinion of plaintiff's treating psychiatrist, Dr. George, little weight because Dr. George's opinion is not consistent with the record as a whole. Dkt. #8, p.22. For example, plaintiff denied anxiety and depression to providers at

Excelsior Orthopedics (Dkt. #8, p.230-231, 482, 792 & 800), and reported to Dr. Safarzaeh-Amiri that she was no longer experiencing symptoms with use of medication prescribed by Dr. George. Dkt. #8, p.249. In fact, Dr. George observed plaintiff's mood to be brighter and her affect normal subsequent to prescribing psychotropic medication. Dkt. #8, p.275. Although plaintiff continued to obtain psychotropic medication from providers subsequent to Dr. George's retirement, plaintiff continued to report that her mood was better and she was less anxious when taking her medication. Dkt. #8, pp.342, 348 & 350. Thus, the Court finds the ALJ's determination that plaintiff's anxiety and depression did not rise to the level of a severe impairment supported by substantial evidence.

With respect to plaintiff's physical impairments, *to wit*, osteoarthritis of the knees, syncope, left hand fracture, right shoulder degenerative joint disease, plantar facial fibromatosis, degenerative disc disease, bilateral carpal tunnel and obesity, the ALJ gave little weight to the opinions of plaintiff's treating physicians regarding plaintiff's functional limitations because of plaintiff's limited treatment relationship with the providers and because plaintiff's impairments did not meet the durational requirements. Dkt. #8, pp.23-24. As set forth in 20 C.F.R. § 404.1523(b), if a plaintiff has two or more concurrent impairments that, when considered in combination, are severe, the Commissioner must determine whether the combined effect of the impairments can be expected to continue to be severe for 12 months. If one or more of the impairments improves or is expected to improve within 12 months, so that the combined effect of the remaining impairments is no longer severe, the 12-month duration test is not met.

In the instant case, although only based upon her observations of plaintiff from June through August of 2015, Dr. Rania Karam-Bayoumi opined that plaintiff suffered from arthritis and had moderate limitations with respect to walking, standing, sitting, lifting, carrying, pushing, pulling, bending, seeing, hearing, speaking, using hands and climbing stairs. Dkt. #8, p.476. In addition, although the treating physicians at Excelsior Orthopaedics opined that plaintiff's knee and ankle conditions were only expected to last for 1-3 months, they opined that plaintiff's condition would impose moderate limitations upon plaintiff's ability to lift, carry, push, pull, bend, see, hear, speak, use her hands and climb stairs. Dkt. #8, pp.480-481. In fact, the physicians at Excelsior Orthopaedics continued to treat plaintiff for more than a year, providing regular cortisone injections in her knees, shoulders, feet and wrists between June 29, 2015 and August 7, 2017. Dkt. #8, pp. 231, 470, 483, 488, 493, 496, 499, 502, 544, 740, 749, 788, 797 & 801. Physical therapy notes dated February 8, 2017 and May 26, 2017 indicate functional limitations of decreased ability to ambulate, transfer, ascend and descend stairs. Dkt. #8, pp.737 & 778. Physical therapy notes dated May 3, 2017 indicate functional limitations including inability to lift overhead and behind back and head. Dkt. #8, p.761. Moreover, as the ALJ noted, objective medical evidence included X-rays of plaintiff's spine which revealed multiple levels of degenerative disc disease and facet joint arthropathy (Dkt. #8, pp.785-786); an MRI of plaintiff's right shoulder which revealed a tear and degenerative change in the joint (Dkt. #8, p.787), and an EMG which revealed evidence of mild left carpal tunnel syndrome (Dkt. #8, pp.542 & 752). Given this record, the Court finds that the ALJ's determination that plaintiff does not have an impairment or combination of impairments that has lasted more than 12

months and significantly limits her physical ability to perform basic work activities is not supported by substantial evidence.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #9), is granted in so far as plaintiff seeks remand and the Commissioner's motion for judgment on the pleadings (Dkt. #19), is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 10, 2020

                              _s/ He. Kenneth Schroeder, Jr._
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**